McCRACKAN *against* JACOB CHOLWELL and GEORGE R. CHOLWELL.

This court can not review the determination of the supreme or superior court at a general term denying a new trial after a verdict, except upon a bill of exceptions taken on the trial, or a special verdict presenting questions of law. An exception to its decision at a general term amounts to nothing.

Where certain facts were found specially by the jury, and the justice conducting the trial ordered judgment *pro forma* for the plaintiff, with liberty to the defendants to appeal to the general term on a special case, and with liberty to the court to enter such judgment as they may see fit, and to adjust the verdict to it, and the court at general term rendered a judgment against the plaintiff, it was held that this court could not review it.

Where the vendee being insolvent, but not knowing the fact, represents to a vendor that he is able to pay one hundred cents on the dollar and something more, and thereby induces him to sell him goods, the sale is not void for the misrepresentation. *Semble.*

The appeal in this case was from a judgment of the Superior court of the city of New York, in an action brought to recover a quantity of peanuts sold by the plaintiff upon credit to the defendant, Jacob Cholwell, and which had been transferred by him to the defendant George R. Cholwell, by an assignment for the benefit of creditors. The complaint alleged that the peanuts were purchased by means of false representations; that the defendant Jacob was solvent, when he was in fact insolvent. The peanuts were taken from the defendants by the sheriff,

upon the proper affidavit to warrant their seizure, and de-livered to the plaintiff. The cause was tried in October, 1850, before Mr. Justice Oakley and a jury. It was proved that at the time of the purchase, Jacob Cholwell told the plaintiff, "I think if I now close up my business, I can pay one hundred cents on the dollar, and have something left;" and that in fact he was then insolvent, but was ignorant of the fact. It was also shown by the plaintiff, that before the action was commenced, the peanuts were assigned to the defendant George R. Cholwell, and that no demand of them was made of him. The court dismissed the complaint against the defendant Jacob on the ground that the action being one to recover the possession of personal property, and he having parted with it before the action was brought, and there being no joint conversion proved, it could not be maintained against the two defendants. The defendant George R. Cholwell then moved his discharge, and the question was reserved. The plaintiff insisted that, although the jury should find Jacob Cholwell to have believed himself solvent at the time of the sale, he was liable in law for the representation of a fact, the truth or falsity of which it was in his power to have known. The other facts in the case, and the manner in which it was presented to this court, are fully stated in the opinion of the court. The plaintiff brought the appeal.

*S. A. Foot* for appellant.

*S. Stevens* for respondents.

JEWETT, J. This was an action brought to recover the possession of three hundred and forty-nine bags of peanuts, on the ground that the defendants wrongfully detained the possession thereof from the plaintiff. It was admitted by the pleadings that three hundred and five bags thereof were sold and delivered by the plaintiff to Jacob Cholwell in January, 1849, on a credit of six months.

. The plaintiff averred that all of the peanuts claimed by him were thus sold and delivered, but the defendants say that forty-four bags of the whole number claimed never belonged to the plaintiff. The plaintiff also averred that he was induced to enter into the contract for the sale and delivery of the peanuts to J. Cholwell, by reason of certain false and fraudulent representations made to him by Jacob Cholwell, in respect to his solvency, and ability to continue the business in which he was then engaged, and that therefore the contract of sale was void, and Cholwell did not acquire any title to the peanuts thus sold; these allegations were put in issue by the pleadings; the cause was tried by a jury, before Judge Oakley, in October, 1850; The case presented to us is an anomaly; it contains besides the pleadings four distinct papers.

*First*, An extract from the minutes kept by the clerk at the trial before the jury, showing that on the trial the judge submitted to the jury three questions, which they answered by their verdict, to wit: 1st, Did the defendant, Jacob Cholwell, make the purchase of the peanuts with a fraudulent intent not to pay for them?" The jury in answer said that " he did not."

2d. " Were any bags of peanuts taken by the sheriff which did not originally belong to the plaintiff; and if so, how many bags?" The jury in answer found " Twenty bags, containing one and an half bushels each, making thirty bushels."

3d. " What was their value?" The jury found in answer that their value was eighty cents per bushel, and they assessed the value of the property mentioned in the complaint at $500. That the court, upon the said findings, directed a verdict to be entered in favor of the plaintiff, against both of the defendants, "with liberty to them to appeal to the general term without security, on special case, to be thereafter settled upon the points reserved at the trial, and upon the refusal to discharge George R. Cholwell, on the point of law raised at the trial, with lib-

erty to the court to enter such judgment upon the appeal · as they might see fit, and then to adjust the form and amount of the verdict as regards either or both· of the defendants."

*Second.* A case detailing the facts proved and admitted on the trial; the verdict of the jury in answer to the three questions submitted, as before mentioned, and the assessment of the value of the property, with the decisions of the judge on the trial; but not showing that the defendants made any objection to any proceeding on the trial, or · that they took any exception to any decision of the judge so made.

*Third.* A certified copy of the judgment of the superior court made upon the case at a general term held in June, 1851, whereby it appears that the judgment of the court at special term nonsuiting the plaintiff as to Jacob Cholwell, was affirmed, and it was adjudged that he should recover his costs against the plaintiff; that the verdict of the jury in favor of George R. Cholwell should be sustained, and a new trial denied; and that judgment should be entered in his favor against the plaintiff, for the sum of $487·44, and his costs of trial and appeal, with interest on said sum from the sixth day of February, 1849, the date of the replevin therein.

*Fourth.* A paper reciting that a trial in the cause was had at a special term of the court, and upon the special finding of the jury therein, the judge ordered judgment to be entered *pro forma* in favor of the plaintiff, against both defendants, with liberty to them to appeal to the general term of· the court. That an appeal having been taken to said general term, and an argument thereon had upon the exceptions and questions of law reserved at the trial, and that a decision of the said general term had been made and entered with the clerk of said court, and that upon motion of the defendants' attorney it was adjudged on the ninth day of July, 1851, that the defendant Jacob Cholwell should recover against the plaintiff the

McCrackan *against* Cholwell.

sum of $191·94 costs, and that the defendant George R. Cholwell recover against the plaintiff the sum of $570·08, with $236·83 costs.    At the foot of this paper there is this memorandum: " To which directions and judgment of this said court, the plaintiff's counsel excepted."

This exception to the determination of the superior court at its general term, upon a motion for a new trial on the case made for that purpose, amounts to nothing as an authority for this court to review such determination. There is no authority for either party to except to the final judgment of the supreme or superior courts pronounced upon a motion for a new trial in that court, made on a case, bill of exceptions or special verdict. ( *Onon. County Mutual Ins. Co.* v. *Minard*, 2 *Com.* 981.)    In order to have a review by this court of a determination of the supreme or Superior courts made upon a motion for a new trial, after a trial by a jury, there must be a bill of exceptions taken on the trial in the court below, or a special verdict presenting questions of law only.    *Livingston* v. *Radcliff, Wright* v. *Douglass, King* v. *Dennis,* (2 *Comstock,* 189.)

The answer of the jury to the three questions submitted by the judge at the trial has been called a special verdict, but it is obvious that it was not so intended, and it is incomplete as such; but if it should be so regarded, it does not show that there is any error in the judgment appealed from.

The plaintiff had no right to the property in question, unless the contract which he made with Jacob Cholwell for the sale of it to him was void, on the ground of the alleged false and fraudulent representations made to him by Cholwell, inducing him to make it, and in respect to that, the jury found the issue against the plaintiff.    The judgment should be affirmed.

Judgment affirmed.